UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Anna Olczk Olas,<br><br>   Plaintiff,<br><br> v.<br><br>ReliaStar Life Insurance Company,<br><br>   Defendant. | Case No. 3:23-cv-50235<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anna Olczk Olas brings this case against Defendant ReliaStar Life Insurance Company ("ReliaStar"), alleging that ReliaStar failed to pay her as the beneficiary of a life insurance policy. Before the Court is ReliaStar's motion to dismiss. For the following reasons, the Court denies the motion.

**I. Background**

John J. Olas had a thirty-year life insurance policy with ReliaStar that had a death benefit in the amount of $1 million. Dkt. 1-1 at 3 ¶ 3.[1] The sole beneficiary of the policy was Ms. Olas. *Id.* at 3 ¶ 7. ReliaStar charged an annual premium of $1,180, which Mr. Olas paid semiannually in adjusted payments of $613.60. *Id.* at 3 ¶ 5. The policy was issued through insurance brokers Stephen Whipple and the Lundstrom Insurance Agency, who had a commission-based agreement with ReliaStar and shared in the premiums paid to ReliaStar. *Id.* at 3 ¶¶ 8-9.

---

[1] Because Dkt. 1-1 contains multiple documents, the Court uses the CM/ECF pagination printed at the top of each page.

1

The policy was issued on December 19, 2008. *Id.* at 3 ¶ 3. Mr. Olas kept up with payments through December 20, 2017, which meant that the policy was effective through July 25, 2018. *Id.* at 3 ¶ 6, 5 ¶ 16. Starting in 2018, Mr. Olas suffered from ongoing serious medical issues, which ReliaStar and Stephen Whipple were made aware of. *Id.* at 4 ¶ 10. That year, Mr. Olas paid his first semiannual premium of $613.60 on August 13, 2018. *Id.* at 5 ¶ 17. On September 28, 2018, Mr. Olas passed away. *Id.* at 4 ¶ 11.

Ms. Olas applied for the death benefit to be paid out, but ReliaStar denied the claim because it said the policy had lapsed. *Id.* at 4 ¶¶ 12-13, 15. As the basis for its denial, ReliaStar provided the following: (1) that the premium had been paid for the policy to remain in effect through July 25, 2018; (2) a "Semi-Annual Premium Notice" that was sent to Mr. Olas on May 30, 2018; (3) a "Late Payment Reminder Notice" that was sent to Mr. Olas on June 19, 2018; and (4) a "Notice of Lapse in Insurance Coverage" that was sent to Mr. Olas on July 25, 2018. *Id.* at 5 ¶ 16. It is unknown whether Mr. Olas received those notices. *Id.* at 6 ¶ 20.

To date, Ms. Olas has not received the $1 million death benefit. *Id.* at 4 ¶ 14.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires only that a plaintiff's complaint contain a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as prayer for the relief sought. Fed. R. Civ. P. 8(a). To survive a motion under Rule 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).[2] The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The Court may also consider exhibits attached to the complaint and documents other than the complaint "when they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

### III. Analysis

Before diving into Ms. Olas' claims, the Court addresses the "credibility issue" that Ms. Olas spends a few pages of her response brief arguing. *See* Dkt. 18 at 3-5. The Court cannot and does not make credibility determinations when deciding a motion to dismiss. *See, e.g.*, *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019); *Scott v. Schindler Elevator Corp.*, No. 17-2869, 2019 U.S. Dist. LEXIS 136548, at *7 (D.N.J. Aug. 13, 2019). Instead, the Court, relying on its

---

[2] Despite acknowledging the current "*Twombly/Iqbal* era," Ms. Olas argues that the Court should dismiss a complaint under Rule 12(b)(6) only if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dkt. 18 at 1, 3 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That was certainly the rule under *Conley*, but the "no set of facts" standard has not been good law in federal courts for quite some time now. *Twombly*, 550 U.S. at 560-63 (explaining in detail why the no-set-of-facts standard "has earned its retirement"). *Twombly* and *Iqbal* are over a decade old—if *Twombly* were a person, it could get its driver's license now.

3

judicial experience and common sense, determines what is plausible based on the well-pleaded facts. *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523-24 (7th Cir. 2022). And in reviewing exhibits, the Court "can independently form its own conclusions." *Bogie*, 705 F.3d at 609. That ReliaStar may have provided different versions of documents does not undercut its arguments. In any event, ReliaStar explains that it relies on language included in both versions, Dkt. 19 at 10, so the Court cites to the complaint's exhibits in this opinion.

Ms. Olas alleges two counts in her complaint: (1) a breach of contract claim alleging that ReliaStar breached the terms of the insurance policy and (2) a claim under 215 ILCS 5/155 alleging that ReliaStar caused a "vexatious and unreasonable" delay in paying the death benefit.

**A. Count I (Breach of Contract)**

Under Illinois law, a breach of contract claim requires: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (citation omitted). ReliaStar contests the first element: a valid contract.

ReliaStar argues that there was no valid contract when Mr. Olas passed because the policy had already lapsed. Dkt. 16 at 5. The Court can see from the complaint's exhibits[3] that the policy would have lapsed after July 2018. The "Notice

---

[3] The Court is "free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim,'" and "[t]his freedom includes exhibits attached to the complaint." *Bogie*, 705 F.3d at 609 (quoting *Hamilton v. O'Leary*, 976 F.2d 341, 343 (7th Cir. 1992)).

of Lapse of Insurance Coverage" states that the policy "lapsed without value effective July 25, 2018." Dkt. 1-1 at 33. Both the "Semi-Annual Premium Notice" and the "Late Payment Reminder Notice" explain that "[i]f coverage lapses, the policy and all payments thereon will become forfeited and void." *Id.* at 29, 31. Ms. Olas does not allege that Mr. Olas paid the premium until August 13, 2018, which is after the policy lapsed. *See id.* at 5 ¶ 17.

Neither does Ms. Olas allege that Mr. Olas reinstated the policy. Instead, she argues that the August 2018 payment was within the six-month statutory grace period provided by 215 ILCS 5/234. *Id.* at 7 ¶ 22. Section 234 was "designed to provide a warning to the insured so that the insurance company cannot 'keep[] silent and induce the insured to forget to pay the premium.'" *Clarin Corp. v. Mass. Gen. Life Ins.*, 44 F.3d 471, 477 (7th Cir. 1994) (quoting *DC Elecs., Inc. v. Emps. Modern Life Co.*, 413 N.E.2d 23, 28 (Ill. App. Ct. 1980)). If an insurer does not comply with section 234's notice requirements, then the six-month grace period applies. 215 ILCS 5/234(1).

Before determining whether ReliaStar complied with section 234's notice requirements, the Court must first address whether the statute applies at all.[4] Section 234 does not apply to "any policies upon which premiums are payable monthly or at shorter intervals." 215 ILCS 5/234(2). ReliaStar argues that the policy is not subject to section 234 because the policy had the option of monthly payments. Dkt. 16 at 5-6. Ms. Olas responds that ReliaStar misreads the statute and fails to

---

[4] Ms. Olas incorrectly asserts that ReliaStar conceded section 234's applicability. *See* Dkt. 18 at 8; Dkt. 16 at 5-6.

5

provide case law for its interpretation, although she cites no authority for her interpretation. Dkt. 18 at 9-10. Under her interpretation, because Mr. Olas paid his premiums on a semiannual basis, the policy was not payable monthly. *Id.*

The scant case law on this issue isn't particularly helpful. In *Cooke v. Jackson National Life Insurance*, another court in this district found that after an insurer revoked the ability for the insured to make monthly payments, section 234 applied. 243 F. Supp. 3d 987, 1004-05 (N.D. Ill. 2017), *rev'd on other grounds* 919 F.3d 1024 (7th Cir. 2019) ("The statute does not state that it is inapplicable only when premiums are *due* monthly, but rather when they are *payable* monthly."). That court relied on a case from the Tennessee Supreme Court interpreting a "functionally identical" statute. *Id.* (citing *Waldschmidt v. Reassure Am. Life Ins.*, 271 S.W.3d 173, 177 (Tenn. 2008)). In *Waldschmidt*, the court found that the Tennessee statute's language—"any policies upon which premiums are payable monthly"—was "plain and unambiguous" and defined a premium as "payable monthly" "if it must or may be paid on a monthly basis." *Waldschmidt*, 271 S.W.3d at 177. But critically, in both cases, the insured chose to pay monthly, unlike Mr. Olas.

Looking at the facts of this case, ReliaStar's life insurance policy presented four premium intervals: "annual," "semi-annual," "quarterly," and "monthly." Dkt. 1-1 at 15-16 (cleaned up). Mr. Olas' choice of payment frequency, as evident by the part of the policy document that states the "premium interval" to be "semi-annual," *id.* at 14-15 (cleaned up), made the policy payable every six months. ReliaStar's

6

argument relies too heavily on the statutory interpretation aspect of what section 234 says and ignores the relevant contract interpretation question. In determining whether the policy was "payable monthly," the Court must also consider what Mr. Olas intended in contracting with ReliaStar. *See* 11 Samuel Williston & Richard A. Lord, *Williston on Contracts* § 32:2 (4th ed. 2023). And that intent is clear, both from the election of a "semi-annual" "premium interval" and from Mr. Olas' payments from 2008 to 2017. *See id.* § 32:14. ReliaStar may offer policies that are "payable monthly," but the one that Mr. Olas agreed to was not.

Because section 234 applies, the next question is whether Ms. Olas has adequately pleaded that ReliaStar failed to comply with it. Section 234 "forbids an insurer from canceling a policy within six months of a policyholder's failure to pay a premium by its due date (calculated to include a 31-day grace period) unless the insurer provides a prescribed notice to the policyholder." *Levy v. W. Coast Life Ins.*, 44 F.4th 621, 624 (7th Cir. 2022) (citing 215 ILCS 5/234(1)). The notice must include the amount due, "the place where it shall be paid," and "the person to whom [it's] payable." 215 ILCS 5/234(1). The notice must also "state that unless such premium or other sums due shall be paid to the company or its agents the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as provided for by the policy." *Id.* The notice must be "duly addressed and mailed with the required postage affixed" to the insured's "last known post office address." *Id.* The insurer must send notice before the

beginning of the grace period and between fifteen and forty-five days before the payment is due. *Id.*

Ms. Olas argues that ReliaStar's "Semi-Annual Premium Notice" was deficient in several ways, particularly in its wording. She focuses on one sentence in the notice that she describes as "weak and ineffectual": "If the payment is not received by the due date or any applicable grace period, the coverage may lapse, depending on the terms of your policy." Dkt. 18 at 11 (quoting Dkt. 1-1 at 29). Comparing this sentence with the text of section 234, Ms. Olas alleges that ReliaStar's notice is missing "strong" and "concise" phrases such as "premium or other sums due," "policy," "will," and "forfeited and void." *Id.* at 11-12. However, Ms. Olas need look only one sentence further in ReliaStar's notice: "If coverage lapses, the *policy* and all payments thereon *will* become *forfeited and void*, except as to the right, if any, to a surrender value, paid-up policy, or extended term insurance, as provided in your policy." Dkt. 1-1 at 29 (emphasis added). The Court can see that the language is "nearly identical," as ReliaStar contends, Dkt. 16 at 7, to section 234. As for the allegedly vague use of "payment," the box in the top right with the amount due and the due date contains the words "Premium Due." Dkt. 1-1 at 29.

The other alleged deficiencies concern whether and how the notice was sent. Starting with the former, that ReliaStar "purportedly mailed" the notice creates a rebuttable presumption that notice was given. *See* 215 ILCS 5/234(1) (providing that an affidavit stating the proper mailing of notice "shall be presumptive evidence that such notice has been duly given"); *Vincent v. City Colls. of Chi.*, 485 F.3d 919,

8

922 (7th Cir. 2007). To find that ReliaStar failed to send the notice, the Court must infer that from the allegation that it is unknown whether Mr. Olas received the notice.[5] It might be conceivable that Mr. Olas didn't receive anything and therefore ReliaStar didn't send anything, but there is no factual content to "nudge[]" this "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Finally, Ms. Olas points out that the notice was addressed to a different address than the one on Mr. Olas' bank statement, Dkt. 18 at 11, implying that the notice wasn't sent to his "last known post office address," 215 ILCS 5/234(1). The bank statement with the different address is for July–August 2018. Dkt. 1-1 at 34. It is plausible that Mr. Olas' address in May 2018, when ReliaStar sent the notice, was the address listed on the bank statement and not the address that ReliaStar used. Contrary to ReliaStar's argument, Ms. Olas need not specifically allege that the address on the notice was not Mr. Olas' last known post office address; plaintiffs are not required to plead each element of a cause of action. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015); *see also Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) ("Plausibility is not an exacting standard."). The alleged address issue is enough (though perhaps barely) to plausibly infer that ReliaStar's notice didn't comply with section 234.

That failure to comply means that section 234's six-month grace period applies, based on the limited Rule 12(b)(6) record. And so—at this stage—the Court

---

[5] Ms. Olas argues that ReliaStar must provide evidence of delivery, Dkt. 18 at 8, but there is no evidentiary burden at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

can reasonably infer that Mr. Olas' coverage could not have lapsed when he passed away in September 2018. Under these allegations and arguments, the Court can then reasonably infer that there was still a valid contract, which is the only contested part of the breach-of-contract claim, so Count I may proceed as alleged, without prejudice to ReliaStar raising the section 234 argument at a later stage.

### B. Count II (Section 155)

ReliaStar argues only that Count II should be dismissed because Count I should be dismissed. Dkt. 16 at 8. Because Count I lives on, Count II survives too.

### IV. Conclusion

The Court finds that Ms. Olas' pleaded facts are just enough to nudge her allegations into the realm of plausibility to survive at this stage. ReliaStar's motion to dismiss is denied.

Date: January 22, 2024

_____
Honorable Iain D. Johnston
United States District Judge