**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Anna Olczk Olas, | |
| Plaintiff, | Case No. 3:23-cv-50235 |
| v. | Honorable Iain D. Johnston |
| ReliaStar Life Insurance Company, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant ReliaStar Life Insurance Company ("ReliaStar") seeks to exclude Plaintiff Anna Olczk Olas' opinion witness, James N. Welty, from offering testimony about the insurance industry. It's the proponent's burden to demonstrate that the proposed testimony complies with *Daubert* and the Federal Rules of Evidence. *Gopalratnam v. Hewlett-Packard Co.,* 877 F.3d 771, 782 (7th Cir. 2017). For the reasons that follow, Ms. Olas fails to carry that burden.

**I.      Background**

Illinois law provides a six-month grace period during which a beneficiary can reinstate a life-insurance policy that has been terminated due to non-payment. 215 ILCS 5/234. There is no six-month grace period if the insurer complies with section 234's notice requirements. *Id.*

Mr. Olas last paid his semi-annual life insurance premium on December 20, 2017, so the policy remained active through approximately July 25, 2018. ReliaStar sent several notices to Mr. Olas asserting that his life insurance policy would lapse

1

due to non-payment. Mr. Olas subsequently paid his premium on August 13, 2018.

If ReliaStar's notice complied with section 234, Mr. Olas' payment came too late to

be effective and his policy lapsed before his September 28, 2018 death. If, as Ms.

Olas alleges, ReliaStar's notices fell short of section 234's requirements, his August

13, 2018 payment reinstated the policy and ReliaStar violated the policy by failing

to pay the death benefit.

## II.  Analysis

### a.  Legal Standard

Under Federal Rule of Evidence 702

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if the
> proponent demonstrates to the court that it is more likely than not that: (a)
> the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue; (b) the
> testimony is based on sufficient facts or data; (c) the testimony is the product
> of reliable principles and methods; and (d) the expert's opinion reflects a
> reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In deciding whether an opinion-witness' testimony meets this standard a

court must determine (1) "whether the witness is qualified;" (2) "whether the

expert's methodology is . . . reliable;" and (3) "whether the testimony will 'assist the

trier of fact to understand the evidence or to determine a fact in issue.'" *Myers v. Ill.*

*Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (quoting *Ervin v. Johnson &*

*Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007)). This analysis applies to both

scientific and non-scientific opinion testimony. *Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 141, 147-149 (1999). As the proponent of the opinion testimony, Ms. Olas

has the burden of establishing compliance with the requirements of the Federal Rules of Evidence and *Daubert. Gopalratnam,* 877 F.3d at 782.

A witness is qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The witness' testimony must draw on his or her expertise. *Gayton v. McCoy,* 593 F.3d 610, 616 (7th Cir. 2010).

A court has the same broad discretion to decide "how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire,* 526 U.S. at 142. The reliability test is particularly flexible. *Timm v. Goodyear Dunlop Tires N. Am., Ltd.,* 932 F.3d 986, 993 (7th Cir. 2019). A court must focus "not on 'the ultimate correctness of the expert's conclusions' but rather on 'the soundness and care with which the expert arrived at her opinion.'" *Id.* (quoting *Schultz v. Akzo Nobel Paints, LLC,* 721 F.3d 426, 431 (7th Cir. 2013)). In reaching his or her opinion, the opinion witness must rely on enough facts or data to effectively employ the methodology. *In re Dealer Mgmt. Sys. Antitrust Litig.,* 581 F. Supp. 3d 1029, 1045 (N.D. Ill. 2022).

Opinion testimony is helpful to the trier of fact when it's relevant to the case. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 591 (1993).

### b. Welty is qualified to give his opinions

Welty spent twenty-six years working in various legal roles for Standard Insurance Company before his retirement in March 2025. Welty drafted lapse notices like the one at issue in this action. He oversaw the implementation of legal advice on best practices for drafting correspondence to policyholders. Although not

all of Welty's experience concerned life insurance policies specifically, his experience in the industry is sufficiently deep and relevant such that he is qualified as an opinion witness in this case.

### c. Welty's methods are unreliable

In some ways, it doesn't make sense to call Welty's methods unreliable because the Court has some difficulty discerning what methods Welty used at all. Welty performed no outside research. *See* Dkt. 80 ex. 2 Welty Dep. 60:18-61:16. Instead he offers conclusions based on his experience and asks the Court to accept them. *Id.* at 66:5-67:3; 69:10-16; 70:4-13,71:19-72:2; 76:24-77:13; 94:21-95:18; 105:24-106:5; 109:24-110:6; 110:23-111:9; 126:12-18. He offers other opinions based only off his reading of the statute at issue in this action. *Id.* 78:1-78:4; 84:16-21, 87:24-88:4; 91:5-19. Although this Court appreciates textual analysis, reading the statute isn't an appropriate basis for opinion testimony about legislative intent. A district court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S at 157 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Welty's opinions aren't drawn from any reviewable methodology. They are merely self-justifying conclusions. The Court has no difficulty concluding that they are inadmissible.

Although the Court could stop here, the Court will continue to discuss why Welty's opinions are also not helpful to a trier of fact for the sake of completeness.

4

### d. Welty's opinions are not helpful to a trier of fact

The opinion witness must offer relevant testimony. *Daubert*, 509 U.S. at 591 ("[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (internal quotation marks and citation omitted). Ms. Olas brought two claims in this action. One for breach of contract and another alleging that ReliaStar caused a "vexatious and unreasonable" delay under 215 ILCS 5/155. The breach of contract claim turns on whether ReliaStar's notices complied with 215 ILCS 5/234. Welty's general and third opinions have no bearing on this issue.

Welty seeks to offer a "general opinion" about the various principles, customs, and practices that are generally accepted in the insurance industry. ReliaStar doesn't specifically address this opinion in their *Daubert* motion, but ReliaStar's arguments in relation to the other opinions apply equally to Welty's general opinion and they object to similar language in Welty's first opinion, so it is appropriate to address the opinion here. *See Perez v. K & B Transportation, Inc.*, 967 F.3d 651, 656 (7th Cir. 2020) (noting a court can address the admissibility of opinion testimony *sua sponte* if the parties have notice and an opportunity to be heard on the issue).

Welty's general opinion opens with a reference to the Merriam Webster dictionary definition of "insurance." It discusses the factors that make the insurance industry unique, the history of the industry, and the importance of regulation to it. The general opinion concludes "it is universally recognized in the insurance industry that statutory and regulatory requirements related to lapse correspondence must be followed exactly to be effective."

Although insurance industry expectations might be relevant to ReliaStar's intent when they entered the contract with Mr. Olas, those expectations simply aren't relevant to their notice's compliance with a statute. To put a finer point on it, either the notice complied with the statute or it didn't. Industry expectations about what compliance requires are irrelevant to this ultimate legal question.

Welty's third opinion concerns "general expectations regarding the drafting and approval of claims related communications by an insurer, including a discussion of the lack of adequate regulatory review and approval of the content of the lapse communications sent to Mr. Olas." In short, the practices ReliaStar used in drafting a particular notice have no connection with whether the notice complies with statutory requirements. The opinion isn't relevant to any issue in this case, so it's inadmissible.

Welty's first opinion also concerns "the general requirements and expectations in the life insurance industry regarding coverage communications to a policyowner." The first opinion concludes: "[b]ased on my extensive experience with regard to evaluating the requirements for lapse notices, it is my opinion that any state statutory requirements for such notices and related correspondence must be adhered to exactly to be effective."

Welty's second opinion concerns, "the inadequacy of the specific lapse communications sent to Mr. Olas prior to his death . . . ." He states, "[i]n my opinion the lapse communications sent to Mr. Olas prior to his death were noncompliant with the Illinois Insurance Code, which requires the use of specific language for a

'Notice of Premium' to an insured prior to terminating an individual life policy due to a late premium payment."

Federal Rule of Evidence 704 doesn't prohibit an opinion witness from testifying about the ultimate issue in a case. Fed. R. Evid. 704. However, legal conclusions masked as opinion testimony are inadmissible. *Good Shepherd Manor Found., Inc. v. City Momence*, 323 F.3d 557, 564 (7th Cir. 2003); *Trexler v. City of Belvidere*, No. 3:20-cv-50113, 2023 U.S. Dist. LEXIS 12662, at *9-12 (N.D. Ill. Jan. 25, 2023). "There is a difference between stating a legal conclusion and providing concrete information against which to measure abstract legal concepts." *United States v. Blount*, 502 F.3d 674, 680 (7th Cir. 2007). Welty's first opinion concerns the statute's legal requirements. His second opinion measures the notice at issue in this action against the statute. These are quintessential legal conclusions. *See e.g. Dahleh v. Minn. Life Ins. Co.*, No. 22 CV 6771, 2025 U.S. Dist. LEXIS 13786, at *11-17 (N.D. Ill. Jan. 27, 2025) (concluding that insurance company's notice complied with 215 ILCS 5/234 at summary judgment); *Harwick v. AXA Equitable Life Ins. Co.*, No. 19 C 8305, 2020 U.S. Dist. LEXIS 242372, at *3-8 (N.D. Ill. Dec. 27, 2020) (concluding that insurance company's notice didn't comply with 215 ILCS 5/234 at summary judgment). They are inadmissible as opinion testimony.

## III. Conclusion

Welty's opinions are inadmissible because they are neither based on reliable methods nor helpful to a trier of fact. Naturally, Ms. Olas is free to make any

suitable legal arguments at summary judgment. But it is her job, through counsel, to do so.

The Court will hold another summary judgment prefiling conference. The parties should confer and provide the Court with three dates and times both parties are available.

Date: May 4, 2026

_____
Honorable Iain D. Johnston
United States District Judge